UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>BAYER CROPSCIENCE INC. and )<br>PHARMACIA CORPORATION, )<br><br>Defendants. ) | Civil Action No. 1:12-cv-10847-WGY |
| COMMONWEALTH OF MASSACHUSETTS, )<br><br>Plaintiff, )<br><br>v. )<br><br>BAYER CROPSCIENCE INC. and )<br>PHARMACIA CORPORATION, )<br><br>Defendants. ) | Civil Action No. 1:12-cv-10849 |

**CONSENT DECREE**

## TABLE OF CONTENTS

I. BACKGROUND ...................................................................................................................... 1
II. JURISDICTION ..................................................................................................................... 2
III. PARTIES BOUND ................................................................................................................ 2
IV. DEFINITIONS ...................................................................................................................... 2
V. GENERAL PROVISIONS ..................................................................................................... 5
VI. PAYMENTS BY SETTLING DEFENDANTS .................................................................... 5
VII. NATURAL RESOURCE RESTORATION ACTIONS ....................................................... 7
VIII. STIPULATED PENALTIES ................................................................................................ 8
IX. COVENANTS NOT TO SUE BY PLAINTIFFS .................................................................. 9
X. RESERVATIONS OF RIGHTS BY PLAINTIFFS ............................................................. 10
XI. COVENANTS BY SETTLING DEFENDANTS ................................................................ 11
XII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION ..................................... 11
XIII. NOTICES AND SUBMISSIONS ...................................................................................... 13
XIV. EFFECTIVE DATE ........................................................................................................... 15
XV. RETENTION OF JURISDICTION .................................................................................... 15
XVI. MODIFICATION ............................................................................................................... 15
XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ...................................... 15
XVII. SIGNATORIES/SERVICE ............................................................................................... 15
XIX. FINAL JUDGMENT ......................................................................................................... 16

## I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Secretary of the United States Department of the Interior ("DOI") and the Secretary of the Department of Commerce ("Commerce"), filed a complaint in this matter against Bayer CropScience Inc. and Pharmacia Corporation ("Settling Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9607.

B.     The United States in its complaint seeks compensation for alleged injury to, destruction of, or loss of Natural Resources resulting from the release of hazardous substances at or from the Industri-plex Superfund Site located in Woburn, Massachusetts (the "Site").

C.     Pursuant to 42 U.S.C. §§ 9607(f)(2) and 9615, Executive Order 12580, and 40 C.F.R. § 300.600, DOI, through the United States Fish and Wildlife Service and Commerce, through the National Oceanic and Atmospheric Administration ("NOAA"), have been delegated authority to act on behalf of the public as the Federal Trustees for Natural Resources impacted by the release of hazardous substances at or from the Site.

D.     The Commonwealth of Massachusetts (the "Commonwealth"), on behalf of the Secretary of Energy and Environmental Affairs, also filed a complaint against the Settling Defendants seeking compensation for Natural Resource Damages pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and the Massachusetts Oil and Hazardous Materials Release Prevention and Response Act, M. G. L. c. 21E § 5(a)(ii). The Massachusetts Executive Office of Energy and Environmental Affairs ("EEA") has been delegated authority to act as the State Trustee for Natural Resources impacted by the release of Waste Materials at or from the Site.

E.     Plaintiffs intend to file in this Court a motion to consolidate the separate actions described in Paragraphs A and D of this Consent Decree. Settling Defendants do not object to the filing of such motion.

F.     The United States, on behalf of the United States Environmental Protection Agency ("EPA"), and the Commonwealth of Massachusetts, on behalf of the Department of Environmental Quality Engineering, the predecessor of the Massachusetts Department of Environmental Protection ("MADEP"), entered into a consent decree with predecessors of the Settling Defendants, as well as a number of other parties, providing for the design and implementation of a response action for the First Operable Unit at the Site ("OU1 Consent Decree") and the reimbursement of response costs incurred by the United States and the Commonwealth, which was approved by the United States District Court for the District of Massachusetts on April 24, 1989.

G.     The United States, on behalf of EPA, entered into a consent decree with the Settling Defendants providing for the design and implementation of a response action for the Second Operable Unit at the Site and the reimbursement of response costs incurred by the United States ("OU2 Consent Decree"), which was approved by the United States District Court for the District of Massachusetts on November 24, 2008.

H.     Both the OU1 Consent Decree and the OU2 Consent Decree included reservations of rights for natural resource damages claims.

I.     The Settling Defendants do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaints.

J.     The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource restoration actions to be performed by the Trustees; and (iv) is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b), and has pendent jurisdiction over the state law claims. This Court also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.     This Consent Decree applies to and is binding upon Plaintiffs and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

## IV. DEFINITIONS

3.     Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq*.

"Commerce" shall mean the United States Department of Commerce and any successor departments, agencies or instrumentalities of the United States.

2

"Commonwealth" shall mean the Commonwealth of Massachusetts.

"Commonwealth Natural Resource Trustee" shall mean EEA.

"DARRF" shall mean NOAA's Damage Assessment and Restoration Revolving Fund.

"Consent Decree" shall mean this Decree.

"Day" shall mean a calendar day. In computing any period of time under this Consent
Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall
run until the close of business of the next day that is neither a Saturday, Sunday or federal
holiday.

"Date of Lodging" shall mean the date that this Consent Decree is lodged with the Court.

"DOI" shall mean the United Sates Department of the Interior and any successor
departments, agencies or instrumentalities of the United States.

"EEA" shall mean the Massachusetts Executive Office of Energy and Environmental
Affairs and any successor departments, agencies or instrumentalities of the Commonwealth.

"Effective Date" shall be the effective date of this Consent Decree as provided in Section
XIV (Effective Date).

"EPA" shall mean the United States Environmental Protection Agency and any successor
departments, agencies or instrumentalities of the United States.

"Federal Natural Resource Trustees" shall mean NOAA and DOI.

"Interest," as that term is used in Paragraphs 5(a), 5(b) and 16 (for stipulated penalties
paid to the United States) shall mean interest at the rate specified for interest on investments of
the United States Environmental Protection Agency Hazardous Substance Superfund established
by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42
U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest
accrues. The rate of interest is subject to change on October 1 of each year. The term "Interest,"
as used in Paragraphs 5(c) and 16 (for stipulated penalties paid to the Commonwealth), shall
mean 12% in accordance with M.G.L. c. 21E, § 13. The 12% interest shall also be compounded
annually as of October 1 of each year.

"MADEP" shall mean the Massachusetts Department of Environmental Protection and
any successor departments, agencies or instrumentalities of the Commonwealth.

"Natural Resource Damages" shall mean any damages recoverable under Section
107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C), for injury to, destruction of, or loss of
Natural Resources, including the reasonable costs of assessing such injury, destruction, or loss,

3

as a result of the release or threat of release of hazardous substances at or from the Site and, when referring to the Commonwealth, shall also mean any damages recoverable under Section 5(a)(ii) of M.G.L. c. 21E for injury to, destruction of, or loss of Natural Resources, including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of the release or threat of release of oil or other hazardous materials at or from the Site.

"Natural Resources" shall have the meaning provided in Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), and, when referring to the Commonwealth, shall also include all uses of the term in M.G.L. Chapter 21E.

"NOAA" shall mean the National Oceanic and Atmospheric Administration, and any successor departments, agencies or instrumentalities of the United States.

"NRDAR Fund" shall mean DOI's Natural Resource Damage Assessment and Restoration Fund.

"OU1 Consent Decree" shall mean the consent decree in United States v. Stauffer Chemical Company, et. al. No. 89-0195-MC, including all appendices, entered by the United States District Court for the District of Massachusetts on April 24, 1989.

"OU1 Remedy" shall mean the remedy selected for the First Operable Unit at the Site by EPA in a Record of Decision dated September 30, 1986, including any modifications thereof, as implemented in compliance with the OU1 Consent Decree.

"OU2 Consent Decree" shall mean the consent decree in United States v. Bayer CropScience Inc. et. al, No. 1:08-cv-10325, including all appendices, entered by the United States District Court for the District of Massachusetts on November 24, 2008.

"OU2 Remedy" shall mean the Remedial Action for the Second Operable Unit at the Site, as set forth in the Remedial Action Work Plan approved pursuant to Paragraph 12 of the OU2 Consent Decree or any modification thereof required by Paragraph 13 of the OU2 Consent Decree.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States, the Commonwealth, and Settling Defendants.

"Plaintiffs" shall mean the United States and the Commonwealth.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Bayer CropScience Inc. and Pharmacia Corporation.

"Site" shall mean the Industri-plex Superfund Site, located in Woburn, Massachusetts.

4

"Trustees" shall mean the Federal Natural Resource Trustees and the Commonwealth Natural Resource Trustee.

"United States" shall mean the United States of America.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) and (2) any "hazardous material" or "oil" under Section 2 of M.G.L. c. 21E.

## V. GENERAL PROVISIONS

4.   Joint Obligations of Settling Defendants.

a.   The obligations of the Settling Defendants under this Consent Decree are joint and several. In the event of the insolvency of either Settling Defendant or the failure by either Settling Defendant to implement any requirement of this Consent Decree, the remaining Settling Defendant shall fulfill the obligations of the non-performing Settling Defendant and all remaining requirements of the Consent Decree.

## VI. PAYMENTS BY SETTLING DEFENDANTS

5.   Payments for Natural Resources Damages

a.   Within 30 days after the Effective Date, Settling Defendants shall pay $4,212,261, plus Interest accruing from the Date of Lodging through the date of payment, for Natural Resource Damages assessment costs incurred by DOI and NOAA and for Trustee-sponsored Natural Resource Damages restoration projects to be conducted in accordance with Section VII (Natural Resource Restoration Actions). Payment shall be made in accordance with Paragraph 6(a).

b.   Of the total amount to be paid pursuant to Paragraph 5(a):

(1) $357,319, plus Interest on that amount accruing from the Date of Lodging through the date of payment, shall be deposited in the NRDAR Fund, to be applied toward Natural Resource Damages assessment costs incurred by DOI.

(2) $42,815, plus Interest on that amount accruing from the Date of Lodging through the date of payment, shall be deposited in the DARRF, to be applied toward Natural Resource Damages assessment costs incurred by NOAA.

(3) $3,812,127, plus Interest on that amount accruing from the Date of Lodging through the date of payment, shall be deposited in a segregated sub-account within the NRDAR Fund, to be managed by DOI for the joint use of the Trustees to pay for Trustee-sponsored natural resource restoration projects in accordance with Section VII (Natural Resource Restoration Actions).

      c.    Within 30 days after the Effective Date, Settling Defendants shall pay $37,739, plus Interest accruing from the Date of Lodging to the date of payment, to EEA for Natural Resource Damages assessment costs incurred by the Commonwealth.  Payment shall be made in accordance with Paragraph 6(b).

      6.    Payment Instructions.

      a.    Instructions for Payments to the United States.  The payment to the United States required by Paragraph 5(a) shall be made by FedWire EFT to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2012A25306/001 and DOJ Case Number 90-11-2-228/7.  The payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts following the Date of Lodging.  Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.  At the time of the payment required to be made by Paragraph 5(a), Settling Defendants shall send notice that payment has been made to the United States, in accordance with Section XIII (Notices and Submissions), and to:

    Bruce Nesslage
    U.S. Department of the Interior
    Natural Resource Damage Assessment and Restoration Program
    1849 C Street, NW, Mailstop 4449
    Washington, DC 20240

    NOAA/NOS/OR&R
    ATTN:  Kathy Salter, DARRF Manager
    1305 East West Highway
    SSMC4, Room 9331
    Silver Spring, Maryland  20910-3281

      b.    Instructions for Payments to EEA.  The payment required to be made to the EEA under Paragraph 5(c) shall be made by check payable to the Commonwealth of Massachusetts, with a reference to Natural Resource Damages Trust - Account 2200-2676.  The payment shall be sent to:

    Massachusetts Department of Environmental Protection
    Attn: William Harkin
    Director of Budgetary and Legislative Affairs
    P.O. Box 4062
    Boston, MA 02211

Copies of the check shall be sent to:

> Karen I. Pelto
> NRD Coordinator
> Massachusetts Department of Environmental Protection
> Bureau of Waste Site Cleanup
> One Winter Street, 6th Floor
> Boston, MA 02108

and

> Office of the Attorney General
> Environmental Protection Division
> One Ashburton Place
> Boston, MA 02108 (Attn: Matthew Brock)

7.    In the event that any payment for Natural Resource Damages required under this Section is not made by the date required, Settling Defendants shall continue to pay Interest at the applicable rate on the unpaid balance through the date of full payment.  Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the United States and the Commonwealth by virtue of Settling Defendants' failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Section VIII (Stipulated Penalties).

## VII. NATURAL RESOURCE RESTORATION ACTIONS

8.    All funds deposited in a segregated sub-account within the NRDAR Fund under Paragraph 5(b)(3) shall be managed by DOI for the joint use of the Trustees to pay for the costs of projects that restore, rehabilitate, replace and/or acquire the equivalent of the Natural Resources alleged to be injured as a result of releases or the threat of release of Waste Material at or from the Site ("Trustee-sponsored Natural Resource Restoration Projects") in accordance with this Consent Decree.   All such funds shall be applied toward the costs of: (a) planning Trustee-sponsored Natural Resource Restoration Projects, (b) administrative costs and expenses necessary for, and incidental to, Trustee-sponsored Natural Resource Restoration Projects; (c) implementation of Trustee-sponsored Natural Resource Restoration Projects, and (d) monitoring of Trustee-sponsored Natural Resource Restoration Projects.

9.    Restoration Planning.  In accordance with CERCLA, the Trustees shall prepare a Restoration Plan describing how the funds dedicated for Trustee-sponsored natural resource restoration efforts under this Section will be used.  As provided by 43 C.F.R. §11.93, the Plan will identify how funds will be used for restoration, rehabilitation, replacement, or acquisition of the equivalent of the Natural Resources and services that were alleged to be injured or lost due to the release or threatened release of hazardous substances at or from the Site.

7

10.     Decisions regarding any use or expenditure of funds under this Section shall be made by the agreement of DOI and EEA, acting through a Trustee Council to be established by DOI and EEA. In light of the nature and extent of alleged injuries to Natural Resources under the trusteeship of NOAA, and the willingness and ability of DOI and EEA to undertake restoration that will restore such injuries, NOAA has determined that it is appropriate and reasonable for DOI and EEA to select and manage the implementation of the restoration projects, with NOAA available to provide advice or other services as requested by the Trustee Council.

## VIII. STIPULATED PENALTIES

11.     Stipulated Penalty Amounts.

Settling Defendants shall be liable for the stipulated penalties set forth below, which shall accrue per violation per day, for the failure to make the payment to the United States required by Paragraph 5(a) or the payment to the Commonwealth required by Paragraph 5(c):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,500 | 1st through 14th day |
| $ 5,000 | 15th through 30th day |
| $ 7,500 | 31st day and beyond |

12.     All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the day that full payment is made.

13.     Following the determination by a Plaintiff that Settling Defendants have failed to make the payments required by Paragraph 5(a) or 5(c), that Plaintiff may give Settling Defendants written notification of the same and describe the noncompliance. The Plaintiff may send Settling Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether a Plaintiff has notified Settling Defendants of the violation.

14.     All penalties accruing under this Section shall be due and payable to the United States or the Commonwealth, as applicable, within thirty (30) days of Settling Defendants' receipt from the United States or the Commonwealth of a demand for payment of the penalties.

15.     Instructions for Stipulated Penalty Payments.

a.      All payments of stipulated penalties demanded by the United States or the Commonwealth for violations of Paragraph 5(a) shall be made 50 percent to the United States pursuant to the instructions in Paragraph 6(a) and 50 percent to the Commonwealth pursuant to the instructions in Paragraph 6(b), and shall indicate that the payments are for stipulated penalties.

8

b. All payments of stipulated penalties demanded by the Commonwealth for violations of Paragraph 5(c) shall be made to the Commonwealth pursuant to the instructions in Paragraph 6(b), and shall indicate that the payments are for stipulated penalties.

16. If Settling Defendants fail to pay stipulated penalties when due, the United States or the Commonwealth, as applicable, may institute proceedings to collect the penalties, as well as Interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 13.

17. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the Commonwealth to seek any other remedies or sanctions available by virtue of Settling Defendants' failure to make the payments required by Paragraphs 5(a) and 5(c) or the failure to comply with any other provision of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(*l*) of CERCLA, provided, however, that the United States shall not seek civil penalties pursuant to Section 122(*l*) of CERCLA for any violation for which a stipulated penalty is provided in this Consent Decree, except in the case of a willful violation of the Consent Decree.

18. Notwithstanding any other provision of this Section, the United States or the Commonwealth, as applicable, may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued to it pursuant to this Consent Decree.

## IX. COVENANTS NOT TO SUE BY PLAINTIFFS

19. Covenant Not to Sue by United States. Except as specifically provided in Section X (Reservation of Rights by Plaintiffs), the United States covenants not to sue or to take administrative action against Settling Defendants for Natural Resource Damages. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in force and effect to the extent, and only to the extent, that the Settling Defendants are and continue to be in material compliance with their obligation to implement the OU2 Remedy, such material compliance to be determined in accordance with the provisions of the OU2 Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

20. Covenant Not to Sue by the Commonwealth. Except as specifically provided in Section X (Reservation of Rights by Plaintiffs), the Commonwealth covenants not to sue or to take administrative action against Settling Defendants for Natural Resource Damages. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in force and effect to the extent, and only to the extent, that Settling Defendants are and continue to be in material compliance with their obligation to implement the OU2 Remedy, such material compliance to be determined in accordance with the provisions of the OU2 Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

9

## X. RESERVATION OF RIGHTS BY PLAINTIFFS

21.     General Reservations.  The United States and the Commonwealth reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 19 and the Covenant Not to Sue by the Commonwealth in Paragraph 20.  Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve all rights against Settling Defendants with respect to:

a.  liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.  liability for failure of the Settling Defendants to meet a requirement of the OU1 Consent Decree or the OU2 Consent Decree;

c.  liability to reimburse response costs or to implement response actions under CERCLA or M.G.L. c. 21E in connection with the Site, subject to the covenants not to sue and reservations of rights applicable to the United States and the Commonwealth in the OU1 Consent Decree and the covenants not to sue and the reservations of rights applicable to the United States in the OU2 Consent Decree;

d.  criminal liability;

e.  liability for damages to Natural Resources based upon Settling Defendants' transportation, treatment, storage, or disposal, or the Settling Defendants' arrangement for the transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, after signature of this Consent Decree, except where such transportation, treatment, storage or disposal is performed in connection with the non-negligent implementation of the OU1 Remedy or the OU2 Remedy and does not involve the off-Site transportation, treatment, storage or disposal of Waste Material, or an arrangement for the off-Site transportation, treatment, storage or disposal of Waste Material.

f.  liability for damages to Natural Resources arising from the past, present, or future transportation, treatment, storage, or disposal of Waste Material, or arrangement for the transportation, treatment, storage or disposal of Waste Material, outside of the Site.

22.     Specific Reservations Regarding Natural Resource Damages.  Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve the right to institute proceedings against Settling Defendants in this action or in a new action seeking recovery of Natural Resource Damages if conditions, factors or information relating to the Site, not known to the Federal Natural Resource Trustees or the Commonwealth Natural Resource Trustee at the time of lodging of this Consent Decree, are discovered that, together with any other relevant information, indicate that there is injury to, destruction of, or loss of Natural Resources of a type unknown, or of a magnitude significantly greater than was known, by the Federal Natural Resource Trustees or the Commonwealth Natural Resource Trustee as of the date of lodging of this Consent Decree.

23.    Information and conditions known to the Trustees with respect to the Site as of the date of lodging of this Consent Decree shall include only the information and conditions set forth in the NOAA, DOI, EEA, EPA and MADEP files for the Site (including, without limitation, any administrative record files) at any time from April 27, 2007 to the date of lodging of this Consent Decree. Notwithstanding the prior sentence of this Paragraph 23, information and conditions known to the Natural Resource Trustees as of the date of lodging of this Consent Decree shall include Natural Resource Damages arising from the re-exposure, re-suspension, or migration by natural causes, or as a result of the non-negligent implementation of the OU1 Remedy or the OU2 Remedy, of the Waste Material that the Natural Resource Trustees knew, as of the date of lodging of this Consent Decree, was present in the sediments located in the Halls Brook Holding Area Pond or the Aberjona River and their associated wetlands.

## XI. COVENANTS BY SETTLING DEFENDANTS

24.    Covenants by Settling Defendants. Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the Commonwealth with respect to Natural Resource Damages or this Consent Decree including, but not limited to:

a.    any direct or indirect claim for reimbursement of any payment for Natural Resource Damages from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law; or

b.    any claim against the United States or the Commonwealth, including any department, agency or instrumentality of the United States or the Commonwealth, under CERCLA Sections 107 or 113 or M. G. L. c. 21E relating to Natural Resource Damages.

Except as provided in Paragraph 31 (Waiver of Res Judicata and Other Defenses), these covenants not to sue shall not apply in the event that the United States or the Commonwealth brings a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 21(e) or 22, but only to the extent that Settling Defendants' claims arise from the same damages that the United States or the Commonwealth is seeking pursuant to the applicable reservation.

25.    Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

26.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA,  42 U.S.C. § 9613), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site

against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States or the Commonwealth pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), and M.G.L. c. 21E, as applicable, to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) or M.G.L. c. 21E.

27.     Except as provided in Paragraph 32, the Parties agree, and by entering this Consent Decree the Court finds, that this settlement constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that each Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. Such protection from contribution actions or claims is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in force and effect to the extent, and only to the extent, that the Settling Defendants are and continue to be in material compliance with their obligation to implement the OU2 Remedy, such material compliance to be determined in accordance with the provisions of the OU2 Consent Decree. The "matters addressed" in this Consent Decree are Natural Resource Damages. The "matters addressed" in this Consent Decree do not include those matters as to which the United States or the Commonwealth have reserved their rights under this Consent Decree, in the event that the United States or the Commonwealth asserts rights against Settling Defendants coming within the scope of such reservations.

28.     Except as provided in Paragraph 32, the Parties agree, and by entering this Consent Decree the Court finds, that pursuant to M.G.L. c. 21E, § 3A(j)(2), each Settling Defendant is entitled, as of the Effective Date, to protection from claims brought pursuant to M.G. L. c. 21E, regarding "matters addressed" in this Consent Decree, for cost recovery, contribution, and equitable share as to those persons receiving notice and an opportunity to comment on this Consent Decree in accordance with M.G.L. c. 21E, § 3A(j)(2). Such protection from contribution, cost recovery and equitable share claims is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in force and effect to the extent, and only to the extent, that the Settling Defendants are and continue to be in material compliance with their obligation to implement the OU2 remedy, such material compliance to be determined in accordance with the provisions of the OU2 Consent Decree. As of the date of entry of this Consent Decree, this Consent Decree constitutes a "judicially approved settlement" as that term is used in M.G.L. c. 21E, § 3A(j)(2). For purposes of this Paragraph, "matters addressed" shall be as defined in Paragraph 27. The ninety (90)-day comment period shall commence thirty (30) days after the date of lodging of this Consent Decree. Settling Defendants' failure to provide timely and adequate notice to one person shall not affect their rights as against any other person who received such notice.

29.     Settling Defendants shall, with respect to any suit or claim brought by them for matters related to this Consent Decree, notify the United States and the Commonwealth in writing no later than sixty (60) days prior to the initiation of such suit or claim.

12

30. Settling Defendants shall, with respect to any suit or claim brought against them for matters related to this Consent Decree, notify in writing the United States and the Commonwealth within ten (10) days of service of the complaint on Settling Defendants. In addition, Settling Defendants shall notify the United States and the Commonwealth within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

31. Waiver of Res Judicata and Other Defenses. In any subsequent administrative or judicial proceeding initiated by the United States or the Commonwealth for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the Commonwealth in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section IX (Covenants Not to Sue by Plaintiffs).

32. Nothing in this Consent Decree shall be construed to release any claims that the Settling Defendants may have against each other. Each Settling Defendant expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Settling Defendant may have with respect to any matter, transaction, or occurrence relating in any way to the Site against the other Settling Defendant.

## XIII. NOTICES AND SUBMISSIONS

33. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the Commonwealth, and Settling Defendants, respectively.

As to the United States:          Chief, Environmental Enforcement Section
                                  Environment and Natural Resources Division
                                  U.S. Department of Justice
                                  P.O. Box 7611
                                  Washington, D.C. 20044-7611
                                  Re: DJ # 90-11-2-228/7

                                  and

13

Mark Barash, Esq.
Office of the Northeast Regional Solicitor
U.S. Department of the Interior
One Gateway Center – Suite 612
Newton, MA 02458-2881

and

Gwendolyn McCarthy
Regional Attorney for Natural Resources
U.S. Department of Commerce
NOAA Office of General Counsel
55 Great Republic Drive
Gloucester, MA 01931

As to the Commonwealth:        Karen I. Pelto
                               NRD Coordinator
                               Massachusetts Department of Environmental Protection
                               Bureau of Waste Site Cleanup
                               One Winter Street, 8th Floor
                               Boston, MA 02108

                               and

                               Office of the Attorney General
                               Environmental Protection Division
                               One Ashburton Place
                               Boston, MA 02108 (Attn: Matthew Brock)

As to Settling Defendants:     Peter A. Alpert
                               Ropes & Gray LLP
                               Prudential Tower
                               800 Boylston Street
                               Boston, MA 02199-3600

                               Mary M. Shaffer
                               Assistant General Counsel – Environmental
                               Monsanto Company
                               800 N. Lindbergh Blvd.
                               St. Louis, MO 63167

                               William L. Parker, Esq.
                               Gonzalez Saggio & Harlan LLP
                               155 Federal Street
                               Suite 1202
                               Boston, MA 02110

14

## XIV. EFFECTIVE DATE

34.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered, or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on this Court's docket.

## XV. RETENTION OF JURISDICTION

35.     This Court retains jurisdiction over both the subject matter of this Consent Decree and Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes arising hereunder.

## XVI. MODIFICATION

36.     Material modifications to this Consent Decree shall be in writing, signed by the Parties, and shall be effective upon approval by the Court.  Non-material modifications to this Consent Decree shall be in writing and shall be effective when signed by the Parties.

37.     Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

38.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.  The Commonwealth reserves the right to withdraw or withhold its consent if comments received disclose facts or considerations which show that the Consent Decree violates state law, or that the Consent Decree is inappropriate, improper, or inadequate with respect to the Commonwealth's recovery of Natural Resource Damages.  Settling Defendants consent to the entry of this Consent Decree without further notice.

39.     If for any reason (a) the United States or the Commonwealth withdraws or withholds its consent as provided in Paragraph 38, or (b) this Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

40.     Each undersigned representative of a Settling Defendant to this Consent Decree, of the Commonwealth, and of the United States, certifies that he or she is fully authorized to

15

enter into the terms and conditions of this Consent Decree and to execute and legally bind such
Party to this document. The undersigned representative of Monsanto Company certifies that
Monsanto Company is authorized to execute this Consent Decree on behalf of Pharmacia
Corporation by indemnity agreements entered into between Monsanto Company and Pharmacia
Corporation. The undersigned representative of Stauffer Management Company LLC certifies
that Stauffer Management Company LLC is authorized to execute this Consent Decree on behalf
of Bayer CropScience Inc. as indemnitor.

41.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree
by this Court or to challenge any provision of this Consent Decree unless the United States or the
Commonwealth has notified Settling Defendants in writing that it no longer supports entry of the
Consent Decree.

42.    Each Settling Defendant shall identify, on the attached signature page, the name,
address and telephone number of an agent who is authorized to accept service of process by mail
on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.
Settling Defendants hereby agree to accept service in that manner and to waive the formal
service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any
applicable local rules of this Court, including, but not limited to, service of a summons. Settling
Defendants need not file an answer to the complaint in this action unless or until the Court
expressly declines to enter this Consent Decree.  If the Court declines entry of this Consent
Decree, the Settling Defendants shall have forty-five (45) days from receiving notice of the
denial, or longer if agreed to by Plaintiffs, for the filing of such answer.

## XIX. FINAL JUDGMENT

43.    This Consent Decree constitutes the final, complete, and exclusive agreement and
understanding among the Parties with respect to the settlement embodied in the Consent Decree.
The Parties acknowledge that there are no representations, agreements or understandings relating
to the settlement other than those expressly contained in this Consent Decree.

44.    Upon entry of this Consent Decree by the Court, this Consent Decree shall
constitute a final judgment between and among the United States, the Commonwealth, and
Settling Defendants. The Court finds that there is no just reason for delay and therefore enters
this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 17th DAY OF Jan. , 2013.

Nathaniel M. Gorton
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Industri-plex
Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

$\frac{4}{\text{Date}} / \frac{z_0}{1} / \frac{z}{1}$

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.20530

$\frac{5/9|12}{\text{Date}}$

DONALD G. FRANKEL
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center
Suite 616
Newton, MA 02458
617-450-0442

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

GEORGE B. HENDERSON, II
Assistant United States Attorney
United States Attorney's Office
U.S. Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210

17

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Industri-plex Superfund Site.

**FOR THE COMMONWEALTH OF MASSACHUSETTS**

_____
Date

RICHARD K. SULLIVAN, JR.
Secretary of Energy and Environmental Affairs
100 Cambridge Street
Suite 900
Boston, MA 02114

5/7/2012
Date

MATTHEW BROCK
Assistant Attorney General
Environmental Protection Division
One Ashburton Place
Boston, MA 02108

18

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Industri-plex
Superfund Site.

**FOR PHARMACIA CORPORATION BY
ITS ATTORNEY-IN-FACT MONSANTO
COMPANY**

$\frac{7}{5}\frac{5}{12}$
Date

Signature: _____

Name (print): JEFFREY R KLINE

Title: DIRECTOR ENV AFFAIRS

Address: MONSANTO COMPANY

800 N. LINDBERGH BLVD

ST LOUIS MO 63167

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): RANDALL COOPER

Title: ENVIRONMENTAL REMEDIATION MANAGER

Address: MONSANTO COMPANY

800 N. LINDBERGH BLVD.

ST. LOUIS, MO 63167

Ph. Number: 314-694-3270

19

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Industri-plex Superfund Site.

**FOR BAYER CROPSCIENCE INC. BY STAUFFER MANAGEMENT COMPANY LLC AS LITIGATION AGENT FOR BAYER CROPSCIENCE INC. (CORPORATE SUCCESSOR BY MERGER TO THE FORMER STAUFFER CHEMICAL COMPANY)**

2/26/12
Date

Signature: _____
Name (print): L-WKE W METTE
Title: PRESIDENT, SMC
Address: 1800 Concord Pike
         PO BOX 15437
         Wilmington, DE 19850-5437

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Peter A. Alpert
Title: Partner
Address: Ropes + Gray LLP
         Prudential Tower
         800 Boylston Street, 39th Fl.
         Boston, MA 02199-3600

20